UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERROL JOSEPH SCORZA, IV,<br><br>   Plaintiff,<br><br>   v.<br><br>STATE OF CALIFORNIA,<br><br>   Defendant. | No. CV 17-4044 PA (AFMx)<br><br>No. 18-55676<br><br>FINDINGS OF FACT |

 On June 26, 2018, the United States Court of Appeals for the Ninth Circuit remanded this action to district court to make a factual determination when the district court first received plaintiff Errol Joseph Scorza, IV's ("Plaintiff's") second Notice of Appeal from the Judgment entered on December 1, 2017. After hearing and considering testimony in this matter, the Court makes the following findings of fact.

 1. In 2009, Plaintiff was convicted in Los Angeles County Superior Court on various charges and later was sentenced to 76 years to life in state prison. See People v. Scorza, No. BA353553 (L.A. Cnty. Super. Ct.).

 2. In 2013, Plaintiff filed a habeas petition in this Court. The petition was dismissed with prejudice as untimely, and the Ninth Circuit denied a certificate of

appealability. See <u>Errol Joseph Scorza, IV v. Kim Holland</u>, No. 2:13-cv-09455-PA-RNB (C.D. Cal.).

3. In 2016, Plaintiff filed a second habeas petition in this Court. The petition was dismissed without prejudice as an unauthorized successive petition. See <u>Errol Joseph Scorza IV v. Kim Holland</u>, No. 2:16-cv-05927-PA-AFM (C.D. Cal.).

4. Plaintiff then filed an application with the Ninth Circuit for leave to file a successive habeas petition. The application was denied on May 10, 2017. See <u>Errol Scorza IV v. Kim Holland</u>, No. 16-73056 (9th Cir.).

5. On May 31, 2017, Plaintiff, proceeding pro se, filed a Complaint again challenging his state-court conviction and sentence. (Docket No. 1.)

6. On August 8, 2017, the assigned United States Magistrate Judge dismissed the Complaint with leave to amend for failure to comply with the pleading standards of the Federal Rules of Civil Procedure and failure to state a claim. (Docket No. 13.)

7. On October 4, 2017, after Plaintiff failed to timely file an amended complaint, the Magistrate Judge ordered Plaintiff to show cause why this action should not be dismissed for lack of prosecution. (Docket No. 14.) Plaintiff was given until October 17, 2017 to respond to the Order to Show Cause or to file an amended complaint.

8. After Plaintiff failed to timely respond to the Order to Show Cause, on October 30, 2017, the Magistrate Judge issued a Report and Recommendation that this action be dismissed without prejudice for failure to diligently prosecute. (Docket No. 16.) Plaintiff was given until November 20, 2017 to file objections to the Report and Recommendation. (Docket No. 17.)

9. Plaintiff did not file objections to the Report and Recommendation.

10. On December 1, 2017, the Court filed an Order accepting and adopting the Report and Recommendation and a Judgment dismissing this action without prejudice. (Docket Nos. 18, 19.)

11. Also on December 1, 2017, Petitioner filed a Notice of Appeal (dated November 17, 2017) from the Magistrate Judge's Report and Recommendation (the "First

Notice of Appeal"). (Docket No. 20.) See Errol Scorza, IV v. State of California, No. 17-56812 (9th Cir.).

12. On May 23, 2018, the Ninth Circuit dismissed the appeal for lack of jurisdiction. (Docket No. 24.)

13. However, the Ninth Circuit ordered that a second Notice of Appeal, which Plaintiff had attempted to file in the Ninth Circuit, be transferred to district court for filing as a Notice of Appeal from the Court's December 1, 2017 Judgment. (See Docket No. 24.)

14. On May 24, 2018, the Court filed the second Notice of Appeal (the "Second Notice of Appeal"). (Docket No. 25.) See Errol Joseph Scorza IV v. State of California, No. 18-55676 (9th Cir.).

15. In Plaintiff's second appeal, the Ninth Circuit ordered Plaintiff to show cause why the appeal should not be dismissed as untimely. (See Docket No. 29.)

16. Plaintiff responded that Palagi Scorza, who is not a party to this action, attempted to manually file the Second Notice of Appeal in the district court on December 14, 2017, but that the Notice of Appeal was rejected because there was already a Notice of Appeal on file. (See Docket No. 29 at 2.)

17. On June 26, 2018, the Ninth Circuit remanded the action to this Court to make a factual determination as to when the Court first received the Second Notice of Appeal. (Docket No. 29 at 2.)

18. The Court held a hearing on August 24, 2018 and heard testimony from Palagi Scorza, who is Plaintiff's wife. The Court also held hearings on October 3, 2018 and October 9, 2018 and heard testimony from Christopher Sawyer and Renico Smith, who work as pro se filing clerks in the district court.

19. Ms. Scorza testified that Plaintiff informed her of the need to file a second Notice of Appeal in December 2017 and sent her a completed form to file. She went to the Clerk's filing window in the Spring Street Courthouse on December 14, 2017 to file the Second Notice of Appeal. However, the document was rejected by a slim, bald black man

1  who informed her that a Notice of Appeal was already on file. She left without filing the
2  document.
3     20. Ms. Scorza's credibility is undermined by inconsistencies in her testimony.
4     21. Ms. Scorza testified that Plaintiff signed both the First Notice of Appeal and
5  the Second Notice of Appeal, but the signatures on the two documents do not match.
6     22. Additionally, Ms. Scorza testified that Plaintiff prepared the Second Notice of
7  Appeal and then sent it to her. However, the Second Notice of Appeal indicates that it was
8  signed by Plaintiff on December 14, 2017, the same date that Ms. Scorza states that she
9  attempted to file it. The Court finds it unlikely that Ms. Scorza could have received the
10 document from Plaintiff the same day that he signed since she has not visited him since he
11 has been in custody.
12     23. Mr. Sawyer currently works as a Pro Se Civil Intake Clerk and held the same
13 position in December 2017. Mr. Sawyer receives documents at the civil intake window and
14 files new cases by pro se litigants.
15     24. Mr. Sawyer was one of only two African American males working at the
16 Clerk's pro se civil intake window in December 2017. Of those two, only he has a shaved or
17 bald head.
18     25. Mr. Sawyer was not working on December 14, 2017. He was on vacation
19 from December 11 until some time after Christmas in 2017.
20     26. Mr. Sawyer testified that he would accept a Notice of Appeal even if there was
21 one already on file. He explained that he would leave it to the Ninth Circuit to determine
22 whether the new filing is proper. He would not have rejected the Second Notice of Appeal.
23     27. Mr. Smith currently works as a Civil Intake Clerk, and he held the same
24 position in December 2017. Mr. Smith receives pro se filings.
25     28. Mr. Smith is African American and has closely cropped hair, but he has never
26 had a shaved or bald head. He is not slim.
27     29. Mr. Smith does not match the description that Ms. Scorza gave of the person
28 who rejected the Second Notice of Appeal.

30. Mr. Smith was working on December 14, 2017 but has no recollection of the alleged attempted filing of the Second Notice of Appeal.

31. Mr. Smith has never rejected a Notice of Appeal in a case where there already was one on file. Mr. Smith explained that he would seek advice from the Appellate Department in the clerk's office whether to file the document or send it to the Ninth Circuit, but in no event would he reject the document.

32. The Court cannot conclude by a preponderance of the evidence that Ms. Scorza unsuccessfully attempted to file the Second Notice of Appeal on December 14, 2017, or on any other date. Nor can the Court conclude by a preponderance of the evidence that the Court received the Second Notice of Appeal on December 14, 2017. Ms. Scorza's claim that she attempted to file a Second Notice of Appeal on December 14, 2017 is not credible. The Clerk is ordered to serve a copy of these Findings of Fact on the United States Court of Appeals for the Ninth Circuit.

DATED: January 15, 2019

                                                                     Percy Anderson
                                                 UNITED STATES DISTRICT JUDGE